UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLINT ANTHONY AVANT,

     Plaintiff,

v.                            Case No.:  2:21-cv-660-SPC-KCD

JOBIE BATES,

     Defendant.

_____/

## <u>OPINION AND ORDER</u>[1]

     Before the Court is Defendant Jobie Bates' Motion for Reconsideration. (Doc. 94).  Bates previously moved for summary judgment.  (Doc. 87).  But because Plaintiff Clint Anthony Avant sought to extend discovery and said he did not have necessary discovery for summary judgment, the Court denied Bates' motion without prejudice under Fed. R. Civ. P. 56(d)(1). (Doc. 93).  Bates challenges that Order in his Motion for Reconsideration.  (Doc. 87).  For the following reasons, the Court denies Bates' Motion.

     This is an excessive force case.  Avant claims that police "folded [his] body in a v-shape while pouncing on [him] forcefully pressing aggressively against [his] body and kneeing [him] in the back with brute force" during an

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

arrest.  (Doc. 45 at 2).  Avant says he was not resisting and suffered numerous injuries because of the excessive force.  (Doc. 45 at 1, 9).  Bates denies these claims.  (Doc. 63).

In March 2023, Bates moved for summary judgment.  (Doc. 87).  Days before, Avant moved for an extension of the discovery deadline.  (Doc. 86). Avant is a pro se prisoner.  In his opposed motion for an extension of time, Avant said he did not have all requested discovery material and did not have the ability to file for summary judgment.  (Doc. 86; Doc. 89).  Especially pertinent to his claims, Avant is missing the police video of the alleged assault. (Doc. 97).  United States Magistrate Judge Kyle C. Dudek granted Avant's motion.  (Doc. 91).  So, the Court denied Bates' motion for summary judgment without prejudice under Fed. R. Civ. P. 56(d)(1).  (Doc. 93).  That Order is the subject of Bates' Motion for Reconsideration.  Bates says now is the time to decide qualified immunity and reargues that discovery should not have been extended.

"Under Federal Rule of Civil Procedure 59(e), a party may ask a district court to reconsider an earlier ruling."  *Hill v. Escambia Cnty. Sheriff's Off.*, No. 21-10631, 2022 WL 1297809, at *3 (11th Cir. May 2, 2022).  But reconsideration under Rule 59(e) is not all encompassing.  "Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 869 F.

Supp. 2d 1336, 1348 (M.D. Fla. 2012) (cleaned up). Rather, reconsideration is appropriate to correct "manifest errors of law or fact." *Jenkins v. Anton*, 922 F.3d 1257, 1263 (11th Cir. 2019). It may also be used to account for intervening changes in law and newly discovered (or previously unavailable) evidence. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020). And lastly, a Rule 59(e) motion might succeed "if there is a need to correct a manifest injustice." *E.g.*, *LLC SPC Stileks v. Rep. of Mold.*, 985 F.3d 871, 882 (D.C. Cir. 2021).

The decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted). Motions to reconsider are granted sparingly, and Rule 59(e) is not a mechanism "relitigate old matters." *Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050, 1059-60 (11th Cir. 2020) (citation omitted). Nor will the Court "address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703. "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Matej v. Health Mgmt. Assocs.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012) (citation omitted).

Bates fails to establish the appropriateness of reconsideration. First, Bates cites no accepted reason for reconsideration. He does not explicitly argue that the challenged Court opinion has manifest errors of law or fact. Nor does

he claim reconsideration is necessary to account for intervening changes in law or newly discovered evidence or to correct a manifest injustice.

Rather, Bates wants qualified immunity, and he wants it now. But despite Bates' impatience, the Court cannot grant summary judgment without providing Avant a reasonable opportunity to discover information essential to his opposition. *See* *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013); *see also* *Swenson v. Palecek*, No. 3:19-CV-821-BJD-PDB, 2021 WL 2917633, at *3 (M.D. Fla. July 12, 2021) (finding summary judgment premature on a qualified immunity defense when the parties disputed key facts and plaintiff had no access to documents or other evidence that would resolve these disputed factual issues). This is especially true given that the extended discovery deadline has not expired. *Cf.* *Stone v. Hendry*, No. 2:17-CV-14177, 2018 WL 10760080, at *2 (S.D. Fla. July 17, 2018) (deferring summary judgement under Fed. R. Civ. P. 56(d)(1) when discovery issues existed, but the discovery deadline had passed). And to the extent Bates attempts to relitigate the extension of discovery, the Court declines to do so—Avant's motion to extend the discovery deadline has already been granted.

Accordingly, it is now

**ORDERED:**

Defendant Jobie Bates' Motion for Reconsideration (Doc. 94) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 14, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record