UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLINT ANTHONY AVANT,

     Plaintiff,

v.                           Case No.:  2:21-cv-660-SPC-KCD

JOBIE BATES,

     Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Jobie Bates' Renewed Motion for Summary Judgment (Doc. 119) and pro se Plaintiff Clint Anthony Avant's Response (Doc. 124). For the reasons below, the Court grants the motion.

Defendant first moved for summary judgment six months ago. (Doc. 87). The Court denied the motion without prejudice to allow Plaintiff more time to obtain discovery. (Doc. 93). Four months later, Defendant renewed his motion. (Doc. 119). Plaintiff did not respond. So the Court gave him a chance to respond by August 31, 2023, or else the Court would treat the motion as unopposed. (Doc. 123). Plaintiff again failed to respond by the deadline. Finally, almost a month after his original deadline, Plaintiff responded. (Doc. 124).

Meanwhile, the Court repeatedly warned Plaintiff that "**any fact that the opposing counsel or party does not specifically controvert . . . may also be deemed undisputed if supported by record evidence.**" (Doc. 69 at 3) (emphasis in original).  In other words, "all properly supported material facts submitted by the movant will be considered admitted by you unless you file proper evidentiary materials like affidavits, depositions, and exhibits in opposition . . . you may not rely solely on allegations in the unverified pleadings (e.g., complaint and answer) to oppose the motion."  (Doc. 120 at 2).

With this context in mind, the Court turns to the substance.  This is an excessive-force case.  The incident at issue occurred when Defendant (an Arcadia police officer) placed Plaintiff into the back of a police car.  Plaintiff alleges that Defendant "folded plaintiff [sic] body in a v-shape while pouncing on plaintiff forcefully pressing aggressively against plaintiff's body and kneeing plaintiff in the back with brute force." (Doc. 45 ¶ 2).  Apparently, this "battery" lasted for "2 to 3 minutes."  (Doc. 45 ¶ 2).  Plaintiff recalls "[e]xcruciating pain and dreadful fear that he was going to be killed" that caused him to "scream for help."  (Doc. 45 ¶ 4).  This is not so.

Defendant has provided body-cam footage of the incident to support his summary-judgment motion.  The footage confirms Defendant's version of events.  Defendant "used minimal force, and only that force necessary to effect his arrest and take him into custody. . . . As the footage demonstrates, the

events described in Plaintiff's complaint as it pertains to the use of force did not occur." (Doc. 88 ¶¶ 4, 6). In response, Plaintiff concedes that Defendant did not use force before placing him in the police car. (Doc. 124 at 1). But Plaintiff insists that Defendant folded him in the car and kneed him in the back. (Doc. 124 at 2). In another filing, Plaintiff advises the Court that he is "prepared to go to trial" and "now has medical records to submit to the court for evidence." (Doc. 125). Plaintiff does not provide or cite any record evidence in response to Defendant's summary-judgment motion.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

Plaintiff brings claims for excessive force, assault and battery, intentional infliction of mental and emotional distress, and gross negligence. For the excessive-force claim, Defendant argues he is entitled to summary judgment on qualified-immunity grounds. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   The Court analyzes excessive-force claims under the Fourth Amendment's objective reasonableness standard.   Under that standard, the Court balances the nature and quality of the intrusion on the individual against the government's justification for using force.   *See Richmond v. Badia*, 47 F.4th 1172, 1182 (11th Cir. 2022).   Relevant factors include the severity of the underlying crime, whether the suspect poses an immediate threat to others, whether the suspect is resisting arrest, the relationship between the justification and the amount of force used, and the extent of the resulting injury.   *Id*.

The facts viewed most favorable to Plaintiff do not establish a Fourth Amendment violation.   Defendant arrested Plaintiff for assault.   The body-cam footage shows that during the arrest Plaintiff refused to lift his legs into the back of the police car.   After repeatedly asking Plaintiff to comply, Defendant lifted Plaintiff's legs and pushed Plaintiff deeper into the car so that he could close the door.   The relevant "force" lasted mere seconds, not two to three minutes as Plaintiff alleges.   Nor did Plaintiff "scream for help."   Indeed, Plaintiff had no reason to scream—Defendant's knee never even touched Plaintiff's back.   The force Defendant used to prevent Plaintiff from obstructing the car door was minimal and more than reasonable under the circumstances.

No constitutional violation occurred.  So Defendant is entitled to summary judgment on the excessive-force claim.

For the state-law claims, Defendant relies on Florida Statute § 768.28(9)(a) to argue he is entitled to judgment as a matter of law.  That provision also provides immunity to an officer sued in his individual capacity:

> An officer, employee, or agent of the state or of any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a).  Because Defendant's actions were reasonable, as discussed above, he did not act with the requisite bad faith, malicious purpose, or wanton and willful disregard for Plaintiff's human rights, safety, or property.  So Defendant is entitled to summary judgment on Plaintiff's claims of assault and battery, intentional infliction of mental and emotional distress, and gross negligence.

The body-cam footage simply disproves Plaintiff's allegations.  And the Court will "accept facts clearly depicted in a video recording even if there would otherwise be a genuine issue about the existence of those facts."  *Gomez v. Lister*, No. 22-10808, 2022 WL 16776248, at *1 (11th Cir. Nov. 8, 2022) (citation omitted).  In short, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could

believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The record evidence shows that Defendant acted reasonably when he arrested Plaintiff. Defendant is entitled to judgment as a matter of law.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 119) is **GRANTED.**

2. The Clerk is **DIRECTED** to enter judgment for Defendant, deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 25, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record